IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| YONG H. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:20-cv-158-ECM |
| | ) | (WO) |
| JASON DAVID ROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

In this action, Plaintiff Yong Jones ("Jones") alleges that on or about October 15, 2017, she sustained injuries when she was a passenger that was rear-ended by Defendant Jason Rooks ("Rooks). (Doc. 1-1, ¶ 8). She initiated this suit on March 8, 2019, by filing a complaint in the Circuit Court of Coffee County, Alabama alleging that her injuries are the result of Rooks' negligence. She seeks compensatory damages. (Id. at 4).

On March 6, 2020, Rooks removed this case from state court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441. Jones is a citizen of the State of Alabama, and Rooks is a citizen of the State of Texas. Although Jones seeks compensatory damages, her complaint does not specify an amount of damages. In his notice of removal, Rooks alleges that the Court has jurisdiction over this matter because the parties are citizens from different states and the "Plaintiff has clearly placed an amount in excess of $75,000 at issue in this case." (Doc. 1 at 2, ¶ 8).

Although Jones has not filed a motion to remand, the Court *sua sponte*, ordered the parties to show cause why this case should not be remanded to the Circuit Court of Coffee County because neither the complaint nor the notice of removal contain any facts that would establish the probable value of the Plaintiff's claims for damages, and thus, the amount in controversy does not meet the jurisdictional minimum for the court to have jurisdiction over this matter. (Doc. 3). The parties filed responses to the Court's order. See Docs. 4 & 7. For the reasons that follow, the Court concludes that it does not have jurisdiction over this matter, and remands the case as improvidently removed.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This Court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. "When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco*

*de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). All questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court. *Burns*, 31 F.3d at 1095.

The Defendant removed this case solely based on the Court's diversity jurisdiction. To establish diversity jurisdiction, the removing party must not only demonstrate that the parties are completely diverse, but, where the amount in controversy is not evident from the face of the complaint, that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

## DISCUSSION

Relying on the Plaintiff's initial complaint, Rooks removed this case on the basis of diversity jurisdiction. There is no dispute that complete diversity exists between the parties. They dispute, however, whether Jones' damages exceed the jurisdictional threshold of $75,000 that is required when removal is based on § 1332(a). Rooks initially relies on Jones' allegation that she is still experiencing "great physical pain and suffering," to assert that her damages "clearly" exceed the jurisdictionally required $75,000.00. (Doc. 1 at 2, ¶ 8).

Jones disagrees, and asserts that Rooks has failed to unambiguously establish that the amount in controversy exceeds $75,000. (Doc. 13). Thus, the issue before the Court is whether the Defendant has met his burden of establishing that the amount in controversy exceeds $75,000.00.

3

Because Rooks removed this case based on Jones' complaint, the Court looks to the face of the complaint to determine whether it is apparent that Jones' damages meet the jurisdictional requirement. In her complaint, Jones alleges that "[she] was injured when the stopped vehicle she was occupying was rear-ended by a 2017 Hyundai Elantra pickup truck being operated by the Defendant, JASON DAVID ROOKS." (Doc. 1-1 at 3, ¶ 8). As the result of Rooks' negligence,[1] Jones alleges that she

> . . . sustained serious and severe injuries to her body. Plaintiff was caused to undergo medical treatment in and about an effort to cure her injuries and damages; and, as a result of said injuries she will be caused to undergo doctor, hospital and medical treatment in the future. Said Plaintiff has suffered and continues to suffer great physical pain and mental anguish and will so suffer in the future; she has been caused to suffer much mental and emotional strain and will so suffer in the future. Plaintiff; YONG H. JONES, has been caused to expend sums of money for doctor, hospital, drug, and therapy treatment in and about an effort to cure her injuries and damages and upon information and belief she will be caused to expend great sums of money in the future for hospital, doctor, drug and therapy treatment for her injuries and is entitled to recover for the same. The Plaintiff seeks compensation for all the hereinabove enumerated injuries and damages, past and future.

(Doc. 1-1 at 3-4, ¶ 10).

On the face of her complaint, Jones asserts she was injured and suffered damages, and she seeks compensatory damages. The complaint, however, contains no description of Jones' injuries, and, Rooks presents no evidence of the severity of her injuries. Conspicuously absent from the complaint are any specific allegations from which one

---

[1] Contrary to Rooks' assertion in his notice of removal, Jones does not allege wantonness and does not seek punitive damages.

could draw any reasonable inference regarding the extent of Jones' injuries or her damages. Thus, it is not possible to discern from the complaint the nature or extent of Jones' injuries.

In *Roe v. Michelin N. Am., Inc.*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citing *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)) (same). Under *Roe*, if a defendant does not provide evidence of the amount in controversy but alleges that removability is apparent from the face of the initial complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. When the initial complaint does not include an unambiguous demand for a specific amount of damages, the removing defendant may satisfy its burden to establish subject matter jurisdiction, if, when the specific allegations of the complaint are viewed in light of "judicial experience and common sense," it is apparent from the face of the complaint that, "more likely than not," the case satisfies the jurisdictional minimum. *Id*. at 1061-62.

Although *Roe* recognizes that "judicial experience and common sense" may support "reasonable inferences" drawn "from the pleadings" to determine whether "the case stated in [the] complaint meets federal jurisdictional requirements," and *Roe* does not permit the Court to "suspend reality or shelve common sense" when making a jurisdictional

5

determination, there must be some basis for "reasonable deductions, reasonable inferences or other reasonable extrapolations from the pleadings." 613 F.3d at 1061-62. "Judicial experience and common sense" are useless for making reasonable deductions, inferences, and extrapolations when the complaint is devoid of any averments from which to deduce, infer, or extrapolate. "[W]ithout facts or specific allegations, the amount in controversy" can be determined "only through speculation—and that is impermissible." *Pretka*, 608 F.3d at 753-54 (citing *Lowery Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

Due to the lack of any factual detail in the complaint indicating the nature or extent of Jones' injuries or her compensatory damages, the Court declines to engage in "impermissible speculation" and "hazard a guess on the jurisdictional amount in controversy." *Pretka*, 608 F.3d at 752. In the absence of evidence or specific factual allegations in the complaint upon which to reasonably determine the extent of Jones' damages (i.e. a description of her injuries), the Court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Pretka*, 608 F. 3d at 753 (quoting *Lowery*, 483 F.3d at 1215). Thus, there is no evidence before the court from which it can determine the nature and extent of Jones' compensatory damages.

In response to the Court's show cause order, in an effort to establish the amount in controversy, Rooks attached medical billing records to his reply (doc. 7), and argues that the Court should consider these billing records to determine whether the amount in

6

controversy is met.

> If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*; *see also, e.g.*, 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[2][g], at 107–86.4 to 107–86.5 (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.").

*Pretka*, 608 F.3d at 754.

Rooks initially relied on the complaint to support removal. No evidence was submitted with the Notice of Removal, and Rooks did not assert that removal was proper based on receipt of "other papers" pursuant to 28 U.S.C. § 1446(b)(3). It was only after the Court raised the issue of the amount in controversy did he submit any additional evidence. Rooks conflates the availability of "other papers" evidence with his burden of establishing the amount of controversy based on the initial complaint.

More importantly, however, even if the Court considered the billing records attached to Rooks' reply, these records do not provide any assessment of Jones' damages. The billing records are dated between October 2017 and January 31, 2018, and the records do not set forth any diagnoses, treatment, or prognoses. Nowhere in these billing records is there a detailed description of the medical treatment Jones received, or severity of her

7

injuries. At this juncture, the only concrete amount before the Court is Jones' medical bills in the amount of $21,747.77. This figure does not satisfy the amount in controversy requirement. *See Simpson v. Primerica Life Ins. Co*., 2017 WL 2857699 at *7 (M.D. Ala. 2017) (finding that plaintiffs' admission to seeking $21,456.77 in compensatory damages failed to unambiguously establish the minimum amount in controversy).

Even applying "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to Jones' billing records, the Court cannot determine that the records unambiguously establish the amount in controversy. To find otherwise, the Court "would necessarily need to engage in impermissible speculation." *Lowery*, 483 F.3d at 1220. At best, the billing records create uncertainty about the amount in controversy and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Finally, Rooks also urges the Court to consider the fact that Jones has not agreed that she would not seek more than $75,000.00 in damages as support for his position that her damages exceed the jurisdictional requirement. In *Williams v. Best Buy Co., Inc*., the Court recognized that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy" a defendant's burden. 269 F.3d 1316, 1320 (11th Cir. 2001). The mere fact that Jones has declined to stipulate that her damages are less than $75,000.00 is insufficient for the Court to conclude that it is more likely than not that her damages exceed that amount.

## CONCLUSION

Consequently, because the Court cannot conclude that the amount in controversy exceeds $75,000, the Court does not have jurisdiction over these proceedings, and this case must be remanded. Accordingly, it is

ORDERED that this case is REMANDED to the Circuit Court of Coffee County as the case was improvidently removed to this Court.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Coffee County, Alabama.

Done this 10th day of April, 2020.

                                      /s/Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE